S. LANE TUCKER
United States Attorney

CARLY VOSACEK
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Email: carly.vosacek@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 4:24-cr-00017-RRB-SAO |
|---|---|
| Plaintiff, | COUNT 1<br>CONSPIRACY TO COMMIT BANK FRAUD<br>   Vio. of 18 U.S.C. § 1349 |
| vs. | |
| ANGELIC HENDERSON, | COUNTS 2-8<br>BANK FRAUD<br>   Vio. of 18 U.S.C. § 1344(2) |
| Defendant. | |
| | COUNT 9<br>CONSPIRACY TO COMMIT MONEY LAUNDERING<br>   Vio. of 18 U.S.C. § 1956(h), 18 U.S.C. § 1956 (a)(1)(B)(i) |
| | COUNTS 10-15<br>MONEY LAUNDERING<br>   Vio. of 18 U.S.C. § 1956(a)(1)(B)(i) |
| | COUNT 16-19<br>MONEY LAUNDERING<br>   Vio of 18 U.S.C. § 1957 |

> CRIMINAL FORFEITURE ALLEGATION 1
> 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim P. 32.2.
>
> CRIMINAL FORFEITURE ALLEGATION 2
> 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c) and Fed. R. Crim P. 32.2.

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Victim Business is located in Fairbanks, Alaska, owned by Victim 1, a resident of Alaska.

2. Victim Business utilized banking services at Northrim Bank, an Alaska State Bank and federally insured financial institution.

3. Victim Business had a general fund account with Northrim Bank account ending in 7631.

4. Victim Business hired Defendant Angelic Henderson in the summer of 2015 as a bookkeeper and she received regular payroll checks/payments.

5. In 2020, Henderson was the 100% owner of Consulting Medical Services LLC (CMS), an Alaska entity. During that time, Henderson, through CMS, began providing independent contractor services to Victim Business. Those services included managing billing, customers, insurance, bookkeeping and suppliers.

6. CMS had a business account at Northrim bank, account ending 0794, owned and controlled by Henderson.

7. In July 2020, Henderson established Angels Nesting Business Support Services LLC (ANBSS). ANBSS had a business account at Northrim bank, account ending 2829, owned and controlled by Henderson.

8. Co-conspirator 1 was the 100% owner of JL Medical Support Services LLC (JLMSS), an Alaska entity.

9. Victim Business hired Co-Conspirator 1 as an ophthalmic technician sometime in 2016-2017. Co-conspirator 1 received regular payroll checks/payments and later began working as a contractor performing the same services under JLMSS.

10. JLMSS had a business account at Northrim bank, account ending 4783, owned and controlled by Co-conspirator 1.

## SCHEME TO DEFRAUD

11. Beginning on or about August 1, 2019, and continuing through August 3, 2023, in the District of Alaska and elsewhere, the defendant, ANGELIC HENDERSON, along with Co-Conspirator 1, did knowingly execute and attempt to execute a scheme to obtain money by means of false and fraudulent pretenses, representations, and promises. Specifically, Henderson worked at Victim Business performing bookkeeping services. She had control over the accounts, payroll, vendor payments, and incoming funds, and she prepared various financial documents for Victim Business. She utilized her position of trust to steal from Victim Business and funnel money to her business accounts and to co-conspirator 1. HENDERSON created daily and weekly financial documents that

underrepresented Victim Business's income to hide the loss from the owner, Victim 1. HENDERSON created "transfer request" documents requesting Northrim Bank move funds from Victim Business's general fund account into her and co-conspirator 1's accounts. The "transfer requests" contained false representations as to the purpose of the requests, namely, duplicate payments for her services or reimbursements for debts not actually incurred or expenses already paid by Victim Business. In total, HENDERSON caused approximately 368 funds transfers, for which Victim Business lost $1,814,338.69 between August 1, 2019, and August 3, 2023.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

12. Henderson registered CMS on September 24, 2019, with the Office of the Secretary of State of Alaska with Angelic Henderson listed as the registered agent and owner.

13. On April 5, 2022, Henderson registered ANBSS with the Office of the Secretary of State of Alaska, identifying Angelic Henderson as the registered agent.

14. On August 30, 2021, Co-Conspirator 1 registered JLMSS with the Office of the Secretary of State of Alaska, identifying Co-Conspirator 1 as the registered owner.

15. From January 1, 2020, to December 31, 2020, Henderson knowingly made 32 unauthorized transfers from the Victim Business general fund account ending in 7631 to her CMS account ending in 0974 totaling at least $69,785.54. These transactions were duplicate payments for the otherwise legitimate services she performed.

16. From January 1, 2021, to December 31, 2021, Henderson knowingly made 72 unauthorized transfers from the Victim Business general fund account ending in 7631 to her CMS account ending in 0974 totaling at least $163,390.00. These transfers were duplicate payments for her otherwise legitimate services. During this same period Henderson knowingly made 4 unauthorized transfers from the Victim Business general fund account ending in 7631 to her Co-Conspirator's JLMSS account ending 4783 totaling at least $ 1,461.66. Henderson represented these transfers to be reimbursements for expenses that were never incurred or already paid with the Victim Business funds.

17. From January 1, 2022, to December 31, 2022, Henderson knowingly made 128 unauthorized transfers from the Victim Business general fund account ending in 7631 to her CMS account ending in 0974 totaling at least $629,401.00. HENDERSON represented these transfers to be reimbursements for expenses never incurred or already paid with the Victim Business funds. During this same period Henderson knowingly made 13 unauthorized transfers from the Victim Business general fund account ending in 7631 to her Co-Conspirator's account JLMSS account ending 4783 totaling at least $11,057.62. Henderson represented these transfers to be reimbursements for expenses that were never incurred or already paid with the Victim Business funds.

18. From January 1, 2023, to July 31, 2023, Henderson knowingly made 46 unauthorized transfers from the Victim Business general fund account ending in 7631 to her CMS account ending in 0974 totaling at least $184,042.33. During this same period Henderson knowingly made 67 unauthorized transfers from the Victim Business general

fund account ending in 7631 to her ANBSS account ending in 2829 totaling at least $489,460.14. Henderson represented these transfers to be reimbursements for expenses that were never incurred or already purchased with the Victim Business funds. During this same period Henderson knowingly made 6 unauthorized transfers from the Victim Business general fund account ending in 7631 to her Co-Conspirator's account JLMSS account ending 4783 totaling at least $9,604.13. Henderson represented these transfers to be reimbursements for expenses that were never incurred or already paid with the Victim Business funds.

19. Between January 17, 2020, and August 3, 2023, Henderson prepared daily and weekly banking reports on behalf of Victim Business where she substantially underreported the actual daily and weekly deposits for Victim Business.

20. The bulk of the transfers made by Henderson were "internet/phone transfers" whereby she would produce a "transfer request" indicating the purpose for the transfer and the account to which funds should be transferred.

21. Many of the transfer requests represented double payments for services rendered.

22. Many of the transfer requests were represented as reimbursements for expenses that were never incurred or already paid with the Victim Business funds.

23. Once the funds were transferred to one of Henderson's three accounts, she transferred the funds via check to other accounts that she owned and controlled. Per the check memos, they were to pay for farm labor and equipment, vehicles, off road vehicles,

and "To Cash." She broke up transfers, sometimes in the same day or over consecutive days into multiple small transfers.

24. Henderson would also transfer money to her co-conspirator by issuing checks to Co-conspirator 1 directly or providing Co-conspirator 1 a portion of checks issued "to cash."

25. Co-conspirator 1 would deposit these funds to Co-conspirator 1's personal accounts, then use the deposited funds to buy Cryptocurrency, further disguising the source of the funds.

## COUNT 1
## CONSPIRACY TO COMMIT BANK FRAUD

26. Paragraphs 1-25 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

27. Beginning in or about August 1, 2019, and continuing through August 3 2023, within the District of Alaska and elsewhere, the defendant, ANGELIC HENDERSON, along with known and unknown conspirators including Co-conspirator 1, did knowingly and intentionally conspire to execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, asset, securities, or other property owned by, or under the custody or control of Northrim Bank, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, HENDERSON knowingly caused approximately 368 funds transfers from the Victim Business general fund account ending in 7631, which constitutes moneys, funds, credits,

asset, securities, or other property owned by, or under the custody or control of Northrim Bank, into her accounts and that of Co-conspirator 1, under false, fraudulent pretenses, representations, and promises.

All of which is in violation of 18 U.S.C. § 1349.

## COUNTS 2-8
## BANK FRAUD

28. Paragraphs 1-25 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

29. On or about the dates set forth in the separate counts below, within the District of Alaska and elsewhere, the defendant, ANGELIC HENDERSON along with known and unknown conspirators, execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, asset, securities, or other property owned by, or under the custody or control of Northrim Bank, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises. Those transfers include the following:

| Count | Date | From Victim Account | To Account | Transaction Type | Amount |
|---|---|---|---|---|---|
| 2 | 8/21/2020 | xxxxxx7631 | HENDERSON's CMS Account xxxxxx0794 | Internet/phone transfer | $8,518.04 |
| 3 | 1/27/2021 | xxxxxx7631 | HENDERSON's CMS Account xxxxxx0794 | Internet/phone transfer | $8,600.00 |
| 4 | 6/21/2022 | xxxxxx7631 | HENDERSON's CMS Account xxxxxx0794 | Internet/phone transfer | $8,600.00 |
| 5 | 8/4/2022 | xxxxxx7631 | Co-conspirator 1's JLMSS account xxxxxx4783 | Internet/phone transfer | $4,355.64 |

| | | | | | |
|---|---|---|---|---|---|
| 6 | 3/21/2023 | xxxxxx7631 | HENDERSON'S ANBSS Account xxxxxx2829 | Internet/phone transfer | $10,000.00 |
| 7 | 6/16/2023 | xxxxxx7631 | HENDERSON's CMS Account xxxxxx0794 | Internet/phone transfer | $18,950.00 |
| 8 | 6/23/2023 | xxxxxx7631 | HENDERSON's CMS Account xxxxxx0794 | Internet/phone transfer | $18,950.00 |

All of which is in violation of 18 U.S.C. § 1344(2).

## COUNT 9
## CONSPIRACY TO COMMIT MONEY LAUNDERING

27. Paragraphs 1-25 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

28. From on or about August 1, 2019, and August 3, 2023, in the District of Alaska and elsewhere, the defendant, ANGELIC HENDERSON, along with known and unknown conspirators including Co-conspirator 1, knowingly and intentionally combined, conspired, and agreed with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. § 1956(a)(1)(B)(i), to wit: to knowingly and intentionally conduct financial transactions involving the proceeds of specified unlawful activity, that is, Bank Fraud, in violation of 18 U.S.C. § 1344(2), as alleged in Counts 2-8, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All of which is in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i).

Page 9 of 14

Case 4:24-cr-00017-RRB-SAO    Document 2    Filed 11/20/24    Page 9 of 14

## COUNTS 10-15
## MONEY LAUNDERING

29. Paragraphs 1-25 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

30. On or about the dates set forth in the separate counts below, ANGELIC HENDERSON, in the District of Alaska and elsewhere, conducted financial transactions involving property that represented the proceeds of bank fraud in violation of 18 U.S.C. § 1344(2) knowing that the property represented the proceeds of that bank fraud and that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and to avoid transaction reporting requirements under State or Federal law, to wit: ANGELIC HENDERSON purchased farm equipment, vehicles, real property, and wrote checks to herself and others, depleting the stolen funds and concealing the nature, source, location, ownership, and control of the proceeds. Those transfers include the following:

| Count | Date | From Account | Account Owner | Amount | Check Memo |
|---|---|---|---|---|---|
| 10 | 2/19/2020 | xxxxxx0794 | Contractual Medical Services | -$5,000.00 | To Denali Escrow |
| 11 | 8/1/2022 | xxxxxx0794 | Contractual Medical Services | -$5,000.00 | To Alaska Fun Center (Powersport Vehicles) For "5 of 6" |
| 12 | 11/10/2022 | xxxxxx0794 | Contractual Medical Services | -$5,000.00 | To Cash (Angelic Henderson) For (Left Empty Line) |
| 13 | 2/9/2023 | xxxxxx2829 | Angels Nesting Farm | -$6,000.00 | To Chevrolet Of Fairbanks For "Auto Down Payment" |

| | | | Angels Nesting Farm | | |
|---|---|---|---|---|---|
| 14 | 3/16/2023 | xxxxxx2829 | Angels Nesting Farm | -$4,000.00 | To Cash for "Farm Building/& Supplies" |
| 15 | 7/14/2023 | xxxxxx2829 | Angels Nesting Farm | -$10,000.00 | To Cash for "Farm Needs" |

All of which is in violation of 18 U.S.C. § 1956 (a)(1)(B)(i).

## COUNTS 16-19
## MONEY LAUNDERING

31. Paragraphs 1-25 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

32. On or about the dates set forth in the separate counts below, in the District of Alaska, defendant ANGELIC HENDERSON did knowingly engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, and which in fact was derived from specified unlawful activity, that is, Bank Fraud, in violation of 18 U.S.C. 1344(2). Those transactions include the following:

| Count | Date | From Account | Transaction Type | Amount | Purpose |
|---|---|---|---|---|---|
| 16 | 5/31/2022 | CMS | Cashier's Check | $10,450.00 | Northern Auto Brokers Inc. |
| 17 | 6/16/2023 | ANBSS | Check to Cash | $11,000.00 | Farm Transport Fees |
| 18 | 6/23/2023 | ANBSS | Check to Cash | $13,000.00 | Farm Needs |
| 19 | 6/30/203 | ANBSS | Check to Cash | $12,000.00 | Farm Needs |

All of which is in violation of 18 U.S.C. § 1957.

## CRIMINAL FORFEITURE ALLEGATION 1

32. The allegations contained in Counts 1-8 of the Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

33. Upon conviction of any of the offenses charged in Counts 1-8 of the Indictment, the defendant, ANGELIC HENDERSON, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1344 and 1349, including but not limited to an in personam criminal forfeiture money judgment equal to the value of the property.

34. If any property subject to forfeiture as a result of any act or omission of the defendant(s)-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(C); Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c), and Fed. R. Crim P. 32.2.

## CRIMINAL FORFEITURE ALLEGATION 2

35. The allegations contained in Counts 9-19 of the Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) with Title 28, United States Code, Section 2461(c).

36. Upon conviction of any of the offenses charged in Counts 9-19 of the Indictment, the defendant ANGELIC HENDERSON shall forfeit to the United States of America, any property, real or personal, involved in a transaction(s) or attempted transaction(s) in violation of Title 18, United States Code, Sections 1956 and 1957, or any property traceable to such property, including but not limited to an in personam criminal forfeiture money judgment equal to the value of the property.

37. If any property subject to forfeiture as a result of any act or omission of the defendant-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States of America, pursuant to Title 21,

Page 13 of 14

Case 4:24-cr-00017-RRB-SAO    Document 2    Filed 11/20/24    Page 13 of 14

United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(A); Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c), and Fed. R. Crim P. 32.2.

A TRUE BILL

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Carly Vosacek
CARLY VOSACEK
Assistant U.S. Attorney
United States of America

s/ Kate Vogel for
S. LANE TUCKER
United States Attorney

DATE: 11/19/24